[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————————————

No. 11-11641
Non-Argument Calendar

———————————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 6, 2012
JOHN LEY
CLERK

D.C. Docket No. 8:08-cv-00927-RAL-TBM

KAMARA CRAWFORD,

                                      Plaintiff-Appellant,

                    versus

CITY OF TAMPA,
as a governmental entity,
PAM IORIO,
in her official and individual capacities, et al.,

                                      Defendants-Appellees.

OLIVER CRAWFORD, SR.,

                                      Plaintiff.

———————————————

Appeal from the United States District Court
for the Middle District of Florida

———————————————

(April 6, 2012)

Before DUBINA, Chief Judge, HULL and BLACK, Circuit Judges.

PER CURIAM:

Appellant Kamara Crawford appeals *pro se* the district court's grant of summary judgment to her former employer, the City of Tampa, and several individual city employees (collectively "the City"), in a civil action filed pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615. Crawford failed to report to work on March 23, 2007, or anytime thereafter, until the City eventually fired her on May 24, 2007. She called in sick several times between March 28 and April 23, 2007, but did not follow the City's proper call-in procedure. On April 26, 2007, she submitted a request to use the City's sick leave bank ("Leave Bank"), which was the first time she claimed anything specific about a medical condition.

On appeal, Crawford argues that the City improperly interfered with her rights under the FMLA. Specifically, she asserts that she provided sufficient notice of her serious medical condition when she submitted a physician's medical substantiation regarding her depression and anxiety in support of her Leave Bank application, and two years earlier, in 2005, when she first informed the City that she had been diagnosed with these conditions. Crawford also asserts that the City

2

did not comply with the requirements of the FMLA to inform her of her rights under the Act, and thus, the City should be estopped from arguing that she did not follow the proper FMLA procedures. Lastly, she contends that her former husband, Oliver Crawford ("Oliver"), suffered from a loss of consortium resulting from the unlawful treatment that she experienced.

We review a district court's grant of summary judgment *de novo*. *Martin v. Brevard County Pub. Schs.*, 543 F.3d 1261, 1265 (11th Cir. 2008). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* (citing Fed.R.Civ.P. 56). In making this determination, the court must draw all reasonable inferences in favor of the nonmoving party. *Id*. However, the nonmoving party must go beyond the pleadings and by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. *Johnson v. Bd. of Regents of University of Ga.*, 263 F.3d 1234, 1243 (11th Cir. 2001).

## A. City's Notice of FMLA Rights

Under the FMLA, the employer is required to post notices to employees of their rights. 29 U.S.C. § 2619(a). Failure to do so may result in a civil money penalty not to exceed $100 for each separate offense. § 2619(b). "When an employee requests FMLA leave, or when the employer acquires knowledge that an employee's leave may be for an FMLA-qualifying reason, the employer must notify the employee of the employee's eligibility to take FMLA leave within five business days, absent extenuating circumstances." 29 C.F.R. § 825.300(b)(1). Consequences for failing to provide notice to its employees "may constitute an interference with, restraint, or denial of the exercise of an employee's FMLA rights." *Id.* § 825.300(e).

By its own terms, the employer notice regulation applies only in situations where the employee is required to provide advance notice of a need for FMLA leave, or once the employer acquires knowledge that an employee's leave may be for an FMLA-qualifying reason. 29 C.F.R. § 825.300(b). In *Gay v. Gilman Paper Co.,* 125 F.3d 1432 (11th Cir. 1997), we held that, even if the employer's notice of FMLA rights was insufficient, the employer is not estopped from challenging the sufficiency of the employee's notice because the employer's posting requirements "do not address the notice required [of the employer] in the case of an employee's unforeseeable need for FMLA leave." *Id.* at 1436 n.6.

4

There is no evidence in the record other than Crawford's own assertion that the City did not comply with the posting requirement. However, even assuming that the City failed to comply with the posting requirement, the City is not estopped from challenging the sufficiency of Crawford's notice because her leave was unforeseeable. *See Id.* Further, as discussed below, the City did not acquire knowledge that her leave may have been for an FMLA-qualifying reason until a month after her absence without leave began.

## B. Crawford's FMLA Claim

Under the FMLA, eligible employees are entitled to up to 12 workweeks of leave during any 12-month period for "a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). A "serious health condition" denotes "an illness, injury, impairment, or physical or mental condition that involves . . . continuing treatment by a health care provider." *Id.* § 2611(11)(B). The FMLA prohibits employers from interfering with, restraining, or denying "the exercise of or the attempt to exercise" any rights guaranteed under the Act. *Id.* § 2615(a)(1). To state a claim for FMLA interference, an employee is required to demonstrate by a preponderance of the evidence that she was entitled to FMLA leave and that her employer denied her that benefit. *Strickland v. Water Works & Sewer Bd.*, 239

F.3d 1199, 1206-07 (11th Cir. 2001).

Although an employee requesting FMLA leave need not expressly mention the Act, she must provide notice sufficient to make the employer aware of both the need for qualifying leave and its anticipated timing and duration. 29 C.F.R. §§ 825.301(b) and 825.302(c). In *Gay*, we discussed the Fifth Circuit's application of this requirement, stating:

> Although the court specifically declined to announce any "categorical rules" concerning the content of an employee's adequate notice beyond holding that the employee need not specifically mention the FMLA, the court suggested that, in determining whether an employee's notice was sufficient, the critical question is whether the information imparted to the employer is sufficient to reasonably apprise it of the employee's request to take time off for a serious health condition.

*Gay,* 125 F.3d at 1435 (citing *Manuel v. Westlake Polymers Corp.*, 66 F.3d 758 (5th Cir. 1995) (internal quotation marks and alteration omitted). Unless the employer already knows that the employee has an FMLA-approved reason for leave, the employee must communicate the reason for the leave to the employer rather than just demanding leave. *Cruz v. Publix Super Mkts., Inc.*, 428 F.3d 1379, 1385 (11th Cir. 2005). Thus, to give sufficient notice, the employee must inform the employer of a potentially FMLA-qualifying reason for the employee's absence. *Id.* at 1386. When an employee provides the employer with sufficient notice that

6

potentially FMLA-qualifying leave is needed, the employer must then ascertain whether the employee's absence actually qualifies for FMLA protection. *Id.* at 1383.

If it is not practicable for the employee to provide advance notice because the need for leave is unforeseeable, then an employee is required to provide her employer with notice as soon as practicable. *Id.* at 1382; 29 C.F.R. § 825.302(a). Absent unusual circumstances, an employee must also comply with an employer's "usual and customary notice and procedural requirements for requesting leave." 29 C.F.R. §§ 825.302(d) and 825.303(c).

We conclude from the record that the district court did not err in finding that Crawford did not give the City sufficient and timely notice of a potentially FMLA-qualifying reason for her absences because the first time that she informed the City about a specific medical condition was when she applied for the Leave Bank on April 26, 2007, more than a month after her unexcused absences began.

### C. Oliver's Loss of Consortium Claim

Oliver's loss of consortium claim fails because he does not raise it on appeal and thus, he has abandoned the issue. Moreover, Crawford only includes a passing reference to the loss of consortium claim, stating merely that it survives alongside the FMLA claim. This passing reference to the loss of consortium claim

7

is insufficient to raise the issue on appeal. *See Greenbriar, Ltd. v. City of Alabaster,* 881 F.2d 1570, 1573 n.6 (11th Cir.1989) (noting that passing references to issues are insufficient to raise a claim for appellate review).

## D. Conclusion

For the aforementioned reasons, we affirm the district court's grant of summary judgment in favor of the City.

**AFFIRMED.**